**OXFORD INVESTMENTS, INC.,**
Plaintiff-Appellee,

v.

**Richard "Sonny" MASHBURN, Shelby County Clerk; Gene Goldsby, Clerk of the Shelby County General Sessions Court; and Gene Barksdale, Shelby County Sheriff, Defendants-Appellants.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

June 17, 1985.

Rehearing Denied Aug. 2, 1985.

Affirmed by Supreme Court
April 20, 1987.

Brian L. Kuhn, Shelby Co. Atty., Britton Lamb, Asst. Shelby Co. Atty., for defendants-appellants.

William M. Walsh, Hanover, Walsh, Jalenak and Blair, Memphis, for plaintiff-appellee.

HIGHERS, Judge.

The facts in this case are not in dispute, but the issue involves a question of law which requires construction of Chapter 131 of the Private Acts of 1969.

That Act authorizes Shelby County to levy a privilege tax upon transients occupying hotel or motel rooms or other such

accommodations, for the purpose of constructing a convention center. The operator of the hotel or motel is required to collect the tax from the transient and to remit all such amounts to the County Court Clerk. The "operator" is defined as "the *person operating the hotel* whether as owner, lessee or otherwise." (Emphasis supplied).

Oxford Investments, Inc. (hereinafter Oxford) was the owner of the Red Carpet Inn in Memphis, Shelby County. Prior to January 20, 1984, Oxford not only owned the facility but also operated it. On January 20, 1984, Oxford leased the hotel to the United Christian Hospitality Associates, Inc. (hereinafter United). Pursuant to the lease, Oxford ceased all participation in the management and operation of the hotel. United agreed to pay a fixed monthly rent, to assume sole responsibility for the operation of the hotel, and to pay all debts and taxes arising therefrom. On April 20, 1984, Oxford repossessed the property because of the default of United.

During the period from January 20, 1984, to April 20, 1984, United failed to pay the hotel tax which amounted to $9,317.22. Oxford admitted that it owed $3,832.92 for the period prior to January 20, 1984, but denied that it owed the taxes which were incurred from January 20, 1984, to April 20, 1984.

On June 7, 1984, levy was executed upon Oxford's funds at Midland Bank and Trust in the amount of $13,150.14. On the preceding day, however, the chancellor had issued a temporary restraining order against the County Court Clerk, the General Sessions Court Clerk, and the Shelby County Sheriff (hereinafter defendants) to prevent collection of the taxes until a hearing could be had. The restraining order was not served until after the levy by distress warrant had been made by a deputy sheriff.

After a hearing on June 19, the chancellor decreed that Oxford was not the "operator" of the Red Carpet Inn during the time it was leased to United and that Oxford, therefore, did not owe the amount which fell due during the period from January 20, 1984, to April 20, 1984. The sum of $9,317.22 was ordered refunded to Oxford, and the defendants have appealed.

The first contention of the defendants is that the chancellor lacked jurisdiction to issue a restraining order because of the specific prohibition found at T.C.A. § 67–1–909, which states:

No writ for the prevention of the collection of any revenue claimed, or to hinder and delay the collection of the same, shall in anywise issue, either injunction, supersedeas, prohibition, or any other writ or process whatever; but in all cases in which, for any reason, any person shall claim that the tax so collected was wrongfully or illegally collected, the remedy for said party shall be as above provided, and in no other manner.

The preceding section, T.C.A. § 67–1–908, provides:

There shall be no other remedy in any case of the collection of revenue, or attempt to collect revenue illegally, or attempt to collect in funds only receivable by said officer under the law, the same being other or different funds than such as the taxpayer may tender, or claim the right to pay, than that above provided.

Under the foregoing sections the defendants claim that the sole remedy available to Oxford was to pay the tax under protest and to file suit for retrieval of the funds.

We note, however, that the private act itself provides for the manner in which the taxpayer is to proceed. The Act states that "[u]pon any claim of illegal assessment and collection, the taxpayer shall have the remedy provided in T.C.A. 67–3033 …" T.C.A. § 67–3033 now encompasses T.C.A. § 67–6–527, in the chapter covering sales and use taxes, and it relates back to § 67–1–901—§ 67–1–910. These sections, as we have already seen, provide the remedy of paying the taxes and suing for a refund.

In 1972, however, after the privilege tax was passed, the General Assembly adopted T.C.A. § 67–1–1434 which grants jurisdiction to the Chancery Court to enjoin the enforcement of a tax levy. *See* T.C.A.

§ 67–1–1434(b)(1). This section is captioned "Civil action by person other than taxpayer." Oxford contends that since it is the lessor of the hotel, it is not the operator and thus not the taxpayer within the meaning of the Private Act. Because it is not the taxpayer, it may follow § 67–1–1434 and sue for a restraining order or injunction.

The Tax Enforcement Procedures Act (T.C.A. § 67–1–1401 *et seq.*) was adopted in 1972 to reorganize, modernize, and make systematic procedures for the collection of state taxes and the enforcement of liens. *Barrow v. Tennessee Dept. of Revenue,* 647 S.W.2d 232 (Tenn.1983). The Act states that its provisions will prevail over contrary statutes. T.C.A. 67–1–1402(c). Since § 67–1–1434 provides remedies for persons other than the taxpayer, it must be determined whether Oxford is the "taxpayer" in this case.

The Private Act declares that the tax is upon the transient occupying the hotel room, but the tax funds are collected by the "operator" and forwarded to the County Court Clerk. The term "taxpayer" is used in the Private Act only in Section 9 as before quoted. Liability in the Act is discussed only in terms of the "operator." Therefore, as used in the Act, it is apparent that "taxpayer" and "operator" are synonymous.

■ The chancellor found that Oxford "was not an operator of the motel ... known as the Red Carpet Inn for the period January 20, 1984, through April 20, 1984, and therefore the hotel/motel tax due for this period cannot be collected" from Oxford. We agree. The Private Act defines the operator as "the person operating the hotel whether as owner, lessee or otherwise." Oxford was the owner, but was not *"operating the hotel as owner"* during the period in question. (Emphasis supplied). By its lease agreement, Oxford was excluded from managerial or operational functions. Oxford did not receive a percentage of the rents or exercise any control over the manner in which the hotel operated. The lease called for a stipulated monthly rental which was owed by United

to Oxford regardless of the amount of business done at the hotel, and the agreement expressly provided that United would be responsible for all debts and taxes arising out of the operation of the hotel during the term of the lease. We are of the opinion that the term "operator," as defined in the Act, does not encompass Oxford under the provisions of its lease with United.

Since Oxford is not the "operator" under the Private Act, neither is it the "taxpayer" or "person against whom is assessed the tax" under T.C.A. § 67–1–1434. It is, therefore, a "person other than taxpayer," and Oxford falls within the provisions of the statute allowing for injunction to be granted against levy. We find no error in the action of the chancellor in restraining the collection and in refunding that portion of the funds assessed when Oxford was not the operator of the Red Carpet Inn.

The judgment below is affirmed. Costs are adjudged against the defendants.

CRAWFORD, J., and MATHERNE, Special Judge, concur.

ORDER ON PETITION TO REHEAR

■ Appellants argue that this Court erred in stating that the Tax Enforcement Procedures Act (TEPA) is applicable to county taxes. Petitioner points out that T.C.A. § 67–1–1402 is applicable only to state taxes and taxes collectible by the Commissioner of Revenue. Petitioner also points out that the case of *Barrow v. Tennessee Department of Revenue,* 647 S.W.2d 232 (Tenn.1983), limits itself to situations where only state taxes are involved. Appellants assert that since the TEPA is not applicable, the statutes still apply which require that the taxes must be paid before a suit alleging their illegality can be commenced.

Appellants' argument overlooks the fact, however, that under Section 9 of the private act it is the express intent of the Legislature "that the provisions of law which apply to the recovery of state taxes illegally assessed and collected be conformed to apply to the recovery of taxes illegally assessed and collected under the

authority of this Act." Since the provisions of the TEPA supercede all other statutes with respect to the collection of state taxes, and since the private act places the collection of its tax on the level of the collection of state taxes, the TEPA therefore governs the procedures for the collection of the tax in question.

The petition for rehearing is, therefore, denied.